469 P.2d 101

James S. NORTON and Doris A. Norton, his wife, Appellants,

v.

Phil BLACK aka P. N. Black, and Bernice Black, his wife, dba Stagestop Motel and the City of Mesa, a Municipality, Appellees.

No. 1 CA–CIV 954.

Court of Appeals of Arizona, Division 1.

May 13, 1970.

Rehearing Denied June 17, 1970.
Review Denied Sept. 22, 1970.

W. Roy Tribble, Chandler, for appellants.

Snell & Wilmer, by John E. Lundin, Phoenix, for appellee City of Mesa.

Rhodes, Killian & Legg, by John G. Hough, Mesa, for appellees Phil Black, etc.

KRUCKER, Judge.

James and Doris Norton brought a wrongful death action against the Stagestop Motel and the City of Mesa for the death of their minor son. The trial court granted defendants' motions for summary judgment and plaintiffs appeal.

The undisputed facts are as follows. John Norton, age eight, was playing in an oleander hedge on the Stagestop Motel property. This was a favorite play spot for children and had been for some time. Although they had been "run off" the premises several times, no fence or other impediment discouraged children from continuing to play there. The boy had climbed up in the 15-foot hedge, fell to the street and hit his head. He died from the injuries sustained in the fall.

The sole issue presented here for review is whether the trial court erred in granting defendants' motions for summary judgment.

Generally speaking, the owners and occupiers of land owe a limited duty of care to protect trespassers against risks of harm while they are so trespassing. However, in the instances of trespassing children, there has developed a doctrine called "attractive nuisance" and the trespasser status of the child no longer bars his recovery in a negligence action but becomes merely one of several facts to be taken into consideration. Prosser on Torts, 3rd Ed., at 374. The Restatement of Torts, Second § 339, adopted in Arizona, states the rule as follows:

"§ 339. Artificial Conditions Highly Dangerous to Trespassing Children

A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if

(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and

(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and

(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and

(d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as com-

pared with the risk to children involved, and

(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children.

See Reporter's Notes.

Caveat:

The Institute expresses no opinion as to whether the rule stated in this Section may not apply to natural conditions of the land.

MacNeil v. Perkins, 84 Ariz. 74, 324 P.2d 211 (1958); Giacona v. Tapley, 5 Ariz.App. 494, 428 P.2d 439 (1967).

In the instant case, the condition creating the harmful threat was an untrimmed oleander hedge. The Restatement rule, through its caveat, leaves open the question of whether its rule applies to natural conditions of land. *See,* Comment on Caveat.

We believe, however, that the Arizona Supreme Court has taken a stand as to this caveat and has held that the "attractive nuisance" doctrine only applies to objects of unusual character, more than ordinarily attractive, and never applies when the objects are natural and not placed on the property by the landowner. Salt River Valley Water Users' Assoc. v. Compton, 40 Ariz. 282, 11 P.2d 839 (1932). *See,* Annot. 16 A.L.R.3d 24 § 17. Appellants contend that because the shrubs were obviously planted, this takes the case out of the *Salt River* rule. We disagree. As stated in Prosser on Torts, 3rd Ed., at 376, n. 62, the origin of the condition should not make all the difference, citing Corporation of City of Glasgow v. Taylor, 1 A.C. 44 (1922), to the effect that there is no distinction between a natural poisonous bush and a planted one.

We therefore follow our Supreme Court holding that as a matter of law, natural conditions such as shrubs and trees, whenever planted, do not fall under Arizona's "attractive nuisance" doctrine. The trial court was correct in granting the motions for summary judgment.

Judgment affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.

Note: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.